PEOPLE OF PORTO RICO, Plaintiff and Appellee, *v.* NICOLÁS GARCÍA, Defendant and Appellant.—PEOPLE OF PORTO RICO, Plaintiff and Appellee, *v.* CIRIACO AGOSTO, Defendant and Appellant.

Nos. 3795 and 3796. Argued March 4, 1929.—Decided March 12, 1929.

*Arturo Aponte* for the appellants. *José E. Figueras* and *Benjamín Guerra* for the appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

The district attorney of Humacao and the *fiscal* of this court move for dismissal of appeal No. 3795 taken by the

accused on December 21, 1927. In their motion they allege and show *prima facie* by means of several certificates and an accompanying affidavit that. the appellant has not been diligent, notwithstanding the extensions of time granted by the trial court for presenting his statement of the case and bill of exceptions.

On the 21st of December, 1927, the date of taking his appeal, the appellant moved for and was granted a period of sixty days for preparing his statement of the case and bill of exceptions. At the expiration of that period he had not presented the document and between then and now he moved for and was granted several other extensions of time by the district court. And what else has he done? Nothing. In his affidavit accompanying the motion the stenographer swears that the appellant did not ask him for his notes to be used as a basis in the preparation of his statement of the case.

The appellant opposed the motion to dismiss and his attorney presented an affidavit in which he contends that his client has a good and sufficient defense, stating it, and says that in due time he asked the stenographer for the transcript of the record and the stenographer agreed to furnish it to him without any charge, as the defendant was poor.

At the hearing on the motion the district attorney of Humacao and the attorney for the defendant argued the matter not only extensively but passionately, the attorney severely criticizing the conduct of the district attorney in moving for dismissal.

We desire to say that we consider it to be the plain duty of the district attorney to see to it that appeals taken in criminal cases in his district be prosecuted with due diligence and, in proper cases, to move for their dismissal in agreement with the *fiscal* of this court.

This practice is not to be recommended in all cases, but it is a fact that the courts generally grant extensions of time in accordance with the requests because they rely on the

vigilance of the adverse party, and in criminal cases the adverse party is The People represented by the district attorney.

After stating the foregoing and remembering our holdings on several occasions that as a general rule judicial arguments are perverted when the personal questions of the attorneys are brought into them, we will say that in our opinion the *prima facie* case of the district attorney was not destroyed by the defense.

It is true that the affidavit of the stenographer was contradicted by that of the attorney, but as the latter showed nothing submitted to the court, nor made the slightest demonstration that he had done anything in the appeal except make motions for extensions of time, we are forced to the conclusion stated and to dismiss the appeal under Rule 59 of this court.

The prosecuting attorneys also move for dismissal of appeal No. 3796 for the same reason.

An examination of the motion made in this court on February 25, 1929, and the certificate accompanying it shows that the appeal was taken on July 21, 1927; that on the same day the appellant asked for and was granted leave to appear *in forma pauperis;* that on the following day he moved for and was granted sixty days for preparing the statement of the case and bill of exceptions, the court ordering the stenographer to furnish him with a transcript of the record without charge; that he went on applying for extension after extension, the last of which was granted for twenty days on February 4, 1929, and still the document was not filed.

The appellant opposed the motion and presented a certificate showing that he had filed in the office of the clerk of the trial court on March 2, 1929, a statement of the case and bill of exceptions, and an affidavit to the effect that he had repeatedly requested the stenographer to furnish him with a transcript of the record without success and:

"That this appeal has not been taken for the purpose of delay-

284

ing justice but, on the contrary, its sole aim is to get a review of the proceedings in the court below which, in the opinion of the undersigned attorney, is in the present case more than in any other entirely erroneous, as well as the attitude of the public prosecutor in taking undue advantage of the accused, as will be shown at the proper time in the brief which will be duly presented to this court, the questions involved being among others, as follows: (a) Error committed by the lower court in refusing the instructions submitted by the defense on the reputation of the prosecutrix as a public woman; (b) error committed by the court in permitting the prosecution in open court to compel the accused to give evidence and testify against his will; (c) error in admitting in evidence statements of the prosecutrix made a few days after the fact; (d) illegality of the verdict; (e) error of the court in refusing to dismiss the action; (f) error of the court in giving to the jury instructions on the medical report made four months after the commission of the supposed act, that is, the medical examination made four months afterwards.''

The attorney for the appellant at the hearing on the motion orally colored the errors by presenting them as of great weight. He was contradicted by the *fiscal* and as we have before us now the only thing that appears from the record, we do not deem it sufficient to justify us in allowing the prosecution of the appeal in the furtherance of justice.

There is a circumstance favorable to the appellant, that is, the order of the court that the stenographer furnish him with the transcript, but that order was made on July 22, 1927, or almost two years ago, and it does not appear that the appellant applied again to the court for any measure to compel the stenographer to act.

It is insisted that the statement of the case has been filed and that it constitutes a good defense in accordance with Rule 58 of this court. The rule does not refer to the presentation of the statement of the case in the trial court, but in the appellate court; but even applying it because a similar situation is involved, it would be so if the statement had been filed before the motion to dismiss and not afterwards as was done here. Moreover, as appears from the record, the state-

ment was filed after the expiration of the last extension of time granted to the appellant by the district court.

In view of the circumstances we are of the opinion that the appeal in case No. 3796 should be dismissed.